## A. R. LAY *et al.* v. STATE.

No. A-3162.   Opinion Filed April 5, 1919.

(179 Pac. 793.)

APPEAL AND ERROR—Review—Affirmance.   When no counsel ap-
pears, and no briefs are filed, the court will examine the plead-
ings, the instructions of the court, and the exceptions taken
thereto, and the judgment and sentence, and, if no prejudicial
error appears, will affirm the judgment.

*Appeal from District Court, Okfuskee County;*
*John L. Norman, Special Judge.*

A. R. Lay and Jim Whitten were found guilty of the
crime of larceny of live stock, and each sentenced to serve
a period of two years' confinement in the state penitentiary,
and they appeal.   Judgment affirmed as to each.

*C. T. Huddleston* and *J. Hugh Nolen,* for plaintiffs in
error.

*S. P. Freeling,* Atty. Gen., for the State.

MATSON, J.   This is an appeal from the district court
of Okfuskee county, wherein A. R. Lay and Jim Whitten
were jointly charged nd convicted of the crime of larceny of
live stock, consisting of three heifer jersey calves, the prop-
erty of one C. J. Jordan, a merchant of the town of Paden
in said county.   The jury sentenced the defendants each to
serve a term of two years in the state penitentiary, and the
court pronounced judgments in accordance with the verdict
of the jury.

The appeal from these respective judgments has been
pending in this court since the 6th day of October, 1917.   No
briefs have been filed in behalf of either plaintiff in error,
and no counsel appeared to orally argue the case when the

.same was regularly submitted. Rule 9 of this court (12 Okla. Cr. viii, 165 Pac. x) provides:

"When no counsel appears, and no briefs are filed, the court. will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears, will affirm the judgment."

In addition to examining the foregoing portions of the record included within rule 9, *supra*, the writer of this opinion has taken occasion to carefully read the entire transcript of the evidence in this case. The state relied upon circumstantial evidence to sustain the conviction, and the defense interposed was an alibi. The evidence on behalf of the state and that on behalf of the defendants were directly in conflict, but it is not for this court to substitute its judgment on conflicting theories of fact for that of the jury. Where there is evidence reasonably tending to support the judgment, it is the duty of this court, under the law of this state, to affirm a judgment of conviction in a criminal cause.

The sufficiency of the information is not attacked in this court. It sufficiently charges the crime of larceny of live stock. The instructions appear to be fair to each defendant; in fact, no error is urged by either in the petition in error that any instruction was erroneous. The judgments conform to the charge contained in the information and the verdict returned by the jury.

The proceedings in the trial court are regular in every respect, and, no prejudicial error appearing from the record, the judgment is affirmed in accordance with the provisions of rule 9 of this court, *supra*.

DOYLE, P. J., and ARMSTRONG, J., concur.